IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,266-06






EX PARTE J.P. WASHINGTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0253827-MW IN THE 363RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to thirty-five years' imprisonment. The Eleventh Court of
Appeals affirmed his conviction. Washington v. State, No. 11-03-00153-CR (Tex. App.-Eastland
2004, pet. ref'd).

 Applicant contends, among other things, that trial counsel failed to convey a plea offer of ten
years. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Lafler v. Cooper, 566 U.S. ___ (2012). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the
trial court is the appropriate forum for findings of fact. If the trial court determines that the factual
basis of Applicant's claim was not ascertainable through the exercise of reasonable diligence on or
before the date the -04 application was filed in the trial court, Tex. Code Crim. Proc. art. 11.07, 
§ 4(c), the trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first make findings of fact and conclusions of law as to whether the
factual basis of Applicant's claim was ascertainable through the exercise of reasonable diligence on
or before the date the -04 application was filed in the trial court. Tex. Code Crim. Proc. art. 11.07, 
§ 4(c). If the trial court finds that it was not, the trial court shall then make findings and conclusions
as to whether: (1) the State offered Applicant ten years; (2) counsel conveyed this offer to Applicant;
(3) Applicant would have accepted the offer; (4) the State would have withdrawn the offer; and (5)
the trial court would have accepted the plea agreement. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish